**Frank Morrison, Appellee, v. Pacific Express Company, Appellant.**

COMMON CARRIERS—*when estopped to deny liability.* Common carriers are estopped to deny liability where the conduct of its agent was such as to induce belief that liability was admitted and that settlement would be made.

Assumpsit. Appeal from the Circuit Court of Christian county; the Hon. S. L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

J. C. & W. B. McBRIDE, for appellant.

HOGAN & WALLACE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action of assumpsit by appellee against appellant. The cause was tried by the court without a jury, and judgment rendered in favor of appellee for $123.75. The declaration alleges, in substance, that the plaintiff delivered to the defendant, a common carrier, certain merchandise, which it promised to carry safely in its express car, and deliver to the plaintiff at

Taylorville, Illinois, and that the defendant through the neglect of its servants, so handled said merchandise that the same was wholly lost to the plaintiff. The defendant filed a plea of general issue and a special plea of the Statute of Frauds, averring that the several supposed promises in the declaration mentioned were special promises to answer for the default of the American Express Co. or National Express Co., and that the same was not in writing.

The evidence discloses that about ten o'clock in the morning of March 30, 1907, a box of dry goods consigned to the plaintiff, was delivered to the defendant company at Decatur, Illinois, by the American Express Co.; that the agent of the defendant receipted for said goods as in apparently good order, and that at the time the box was perfectly dry and in apparently good condition, there being nothing about it to indicate that the contents were damaged. The box was then taken into the depot of the defendant and kept under cover until about five o'clock in the afternoon of the same day, when it was forwarded to Taylorville and delivered to the plaintiff. When the box was opened up by the plaintiff it was ascertained that the contents had at some time been wet and were damaged. Plaintiff then called the attention of the agent of the defendant company at Taylorville to the damaged condition of the goods. The agent advised him to refuse to accept the goods, whereupon the plaintiff returned the same to the office of the company at Taylorville, where they remained until about April 19th, at which time the agent told the plaintiff that he and the plaintiff would make up a bill for the damages, send it in to the company, and that the same would be paid. Plaintiff thereupon prepared and sent to the defendant company an itemized statement of the damage claimed to have been sustained, amounting to $123.75.

On November 12, 1907, Bresie, the superintendent of the company, notified the plaintiff by letter that its

route agent Gross would call upon him with reference to the settlement of the claim, and on December 30, 1907, wrote to him as follows:

"Dear Sir:—

"I beg to acknowledge receipt of your letter of Dec. 27th. Subject: Claim shipment to your address from Albany, N. Y. Route Agt. Gross of this Company and representative of American Express Co. having tendered you $50.00 in settlement of claim. I have not as yet received papers from Mr. Gross or any information from the American Express Company, but will write for correspondence and a statement from them to-day. It is my understanding that the receipt did not specify any value, and you no doubt understand that in such a case, the terms of our receipt are that the company accepts responsibility for an amount not to exceed $50.00. This undoubtedly was the reason the amount was tendered you. Let me ask that you defer any action in the matter until I can get the original correspondence in my hands."

On August 1, 1908, Bresie wrote to the attorney of the plaintiff as follows:

"Dear Sir:—

"Referring to claim of F. Morrison on account of damage to part of contents of a shipment originating with the American Express Co. at New York City, transferred to us at Decatur and destined to Taylorville. I am in receipt of your letter of July 29th, and I have to advise that I am still without the necessary information from the American Ex. Co. to decide as to the merits of this claim. I am sorry indeed on account of this delay and I have today taken the matter up with a Superintendent of that company under personal cover. I hardly think it necessary for you to allow this matter to go into court, as it is our intention to settle and pay all just claims. The Pacific Express Co. would have brought this matter to a conclusion some time ago, but as we have stated to you, the damage in this case being of a concealed nature, and the shipment having been handled by the American Ex. Co. between

New York and Decatur (the greater part of the distance) we, of course, must look to them for some advice in the matter before making a settlement. I hope to be able to reply to you in this matter within ten days which I trust will be satisfactory.''

Waiving the question of the primary liability of appellant, we are of opinion that the conduct of its agent and superintendent was such as to estop it to deny the same. Appellee was warranted in believing that the agent had authority to settle his claim, and that it would be eventually settled by appellant, and the correspondence quoted manifestly further justified such belief. Under these circumstances to hold that, after delaying action for so long a time, under various pretexts, until proof of liability would be difficult to establish, appellant can now disclaim liability, would operate as a denial of justice, and cannot be tolerated, either at law or in equity. In this view of the case, the trial judge did not err in refusing the proposition of law submitted by appellant.

The judgment is accordingly affirmed.

*Affirmed.*